**SANCHO, Treasurer, v. VALIENTE & CO.**

No. 3228.

Circuit Court of Appeals, First Circuit.

Dec. 8, 1937.

Col. William C. Rigby, of Washington, D. C. (B. Fernandez Garcia, of San Juan, P. R., and Nathan R. Margold, of Washington, D. C., on the brief), for appellant.

Edelmiro Martinez Rivera, of San Juan, P. R., for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a judgment of the Supreme Court of Puerto Rico affirming a judgment of the District Court of San Juan.

The plaintiff, a mercantile firm established under the laws of Puerto Rico, brought an action at law against the Treasurer for a refund of taxes in the sum of $88.14, paid under protest, together with interest and costs. In its amended complaint the plaintiff alleged, as its first and only cause of action, that the taxes in question, on 35,256 pounds of leaf tobacco grown on the plaintiff's farm, were levied under Joint Resolution No. 13 of the Legislature of Puerto Rico, approved July 8, 1929, which imposed a tax of one-fourth of a cent a pound on all tobacco harvested in Puerto Rico; that the taxes were paid under protest; and that the plaintiff sought their refund because it claimed that the resolution under which the taxes were imposed was invalid.

The plaintiff set out seventeen different grounds wherein it alleged that Joint Resolution No. 13 was invalid, but the one upon which the District Court and the Supreme Court, in rendering judgment for the plaintiff, based their decisions was the seventh, which reads:

"Seventh. Because said tax is levied by a joint resolution of the Legislative Assembly of Puerto Rico and not by a law, thus violating Section 34 of the Organic Act of Puerto Rico."

The defendant's answer asserted the validity of the Joint Resolution and of the taxes.

The District Court held that the Resolution was invalid as a law and entered judgment for the plaintiff. The Supreme Court affirmed the judgment of the District Court and the defendant appealed to this court. The basis of the decision of the Supreme

Court was that, inasmuch as section 34 of the Organic Act of 1917, 48 U.S.C.A. § 824, provided that "No law shall be passed except by bill" and the tax was imposed by a joint resolution, the alleged law was unconstitutional and void.

The appellant contends that the only question now before us for decision is the seventh ground of invalidity above set forth. The appellee, however, contends that it is open to it to rely upon all or any of the grounds of invalidity alleged in the complaint, although only the seventh was passed upon by the Supreme Court. We think the appellee is correct in its position, but, owing to the view we take of the case, we shall consider only the question whether Joint Resolution No. 13 is a valid law within the provisions of section 34 of the Organic Act of 1917, 48 U.S.C.A. §§ 822–841, 843, 844.

The portion of the Joint Resolution imposing the tax is section 2, which reads as follows:

"Section 2.—For the purpose of carrying out the provisions of this Act, a tax of one-quarter ($\frac{1}{4}$) cent shall be levied or collected on each pound of tobacco harvested in Porto Rico; Provided, that said tax shall be collected but once each year at the time of sale by the grower, who shall be bound to leave in the hands of the buyer the one-quarter cent a pound of tobacco provided for in this section. Buyers shall in turn pay said tax to the Treasurer of Porto Rico in such form as the latter may by regulation prescribe. Such tax shall be considered as a preferred lien on the harvested product. The Treasurer of Porto Rico shall levy and collect the aforesaid tax, and he is hereby authorized to make such rules and regulations as may be necessary for the collection of the tax."

The material portions of section 34 of the Organic Act, 39 Stat. 960, 48 U.S.C.A. §§ 822–825, 827, 828, 831–834, 837, 839, provide:

"Section 34. That the enacting clause of the laws shall be as to acts, 'Be it enacted by the Legislature of Porto Rico,' and as to joint resolutions, 'Be it resolved by the Legislature of Porto Rico.' Except as hereinafter provided, *bills* and *joint resolutions* may originate in either house. * * * *No bill shall become a law* until it be passed in each house by a majority yea-and-nay vote of all of the members belonging to such house and entered upon the journal and be approved by the governor within ten days thereafter. If when *a bill that has been passed* is presented to the governor for his signature he approves the same, he shall sign it; or if not, he shall return it, with his objections, to the house in which it originated, which house shall enter his objections at large on its journal and proceed to reconsider it. If, after such reconsideration, two-thirds of all the members of that house shall agree to pass the same it shall be sent, together with the objections, to the other house, by which it shall likewise be reconsidered, and if approved by two-thirds of all the members of that house it shall be sent to the governor, who, in case he shall then not approve, shall transmit the same to the President of the United States. The vote of each house shall be by yeas and nays, and the names of the members voting for and against shall be entered on the journal. If the President of the United States approves the same he shall sign it and *it shall become a law*. If he shall not approve same he shall return it to the governor so stating, and *it shall not become a law:* provided, That the President of the United States shall approve or disapprove *an Act* submitted to him under the provisions of this section within ninety days from and after its submission for his approval; and if not approved within such time *it shall become a law* the same as if it had been specifically approved. If *any bill* presented to the governor contains several items of appropriation of money, he may object to one or more of such items, or any part or parts, portion or portions thereof, while approving of the other portion of the *bill*. In such case he shall append to the *bill*, at the time of signing it, a statement of the items, parts or portions thereof to which he objects, and the appropriation so objected to shall not take effect. If any *bill* shall not be returned by the governor within ten days (Sundays excepted) after it shall have been presented to him, *it shall be a law* in like manner as if he had signed it, unless the legislature by adjournment prevents its return, in which case *it shall be a law* if signed by the governor within thirty days after receipt by him; otherwise *it shall not be a law.* * * *

"Each house shall keep a journal of its proceedings. * * *

"No *law* shall be passed *except by bill, and no bill shall be* so altered or amended on its passage through either house as to change its original purpose.

"*No act* of the legislature except the general appropriation *bills* for the expenses of the government shall take effect until

ninety days after its passage, unless in case of emergency (which shall be expressed in the preamble or body of the *act*) the legislature shall by a vote of two-thirds of all the members elected to each house otherwise direct. *No bill*, except the general appropriation bill for the expenses of the government only, introduced in either house of the legislature *after the first forty days of the session, shall become a law.*

"*No bill shall be considered or become a law unless referred to a committee,* returned therefrom, and printed for the use of the members: Provided, That either house may by a majority vote discharge a committee from the consideration of a measure and bring it before the body for consideration.

"*No bill,* except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title; but if any subject shall be embraced in *any act* which shall not be expressed in the title, *such act* shall be void only as to so much thereof as shall not be so expressed. * * *

"The presiding officer of each house shall, in the presence of the house over which he presides, sign *all bills* and *joint resolutions* passed by the legislature, after their titles shall have been publicly read, immediately before signing; and the fact of signing shall be entered on the journal. * * *

"*No bill* shall be passed giving any extra compensation to any public officer, servant or employee, agent or contractor after services have been rendered or contract made. * * *

"*All bills* for *raising revenue* shall originate in the house of representatives, but the senate may propose or concur with amendments, as in case of *other bills.*

"The general appropriation *bill* shall embrace nothing but appropriations for the ordinary expenses of the executive, legislative, and judicial departments, interest on the public debt, and for public schools. All other appropriations shall be made by separate *bills,* each embracing but one subject.

"Every order, resolution, or vote to which concurrence of both houses may be necessary, except on the question of adjournment, or relating solely to the transaction of business of the two houses, shall be presented to the governor, and before it shall take effect be approved by him, or, being disapproved, shall be repassed by two-thirds of both houses, according to the rules and limitations prescribed in case of a bill."

(Italics supplied except as to the provisos.)

It has been said that section 34 is poorly drawn and that any possible doubt as to whether a law of Puerto Rico could be passed by a joint resolution as well as by a bill could have been avoided by a little care in the phraseology of the draft. But if the intention of Congress with relation to the matter is to be ascertained from the specific assertion in section 34, 48 U.S.C.A. § 824, that "no law shall be passed except by bill," there can be little, if any, doubt that a valid law cannot be passed by a joint resolution.

The appellant, however, contends that the word "bill," as used in the phrase "No law shall be passed except by bill," means a proposal for a law and that a proposal for a law may be by bill or joint resolution; but we cannot accede to this view. The phrase, as used in section 34, can reasonably be construed to mean nothing else than that a law shall not be passed, except when in the form of a bill, having the enacting clause: "Be it enacted by the Legislature of Porto Rico." 48 U.S.C.A. § 823. Throughout the section the terms "bills" and "joint resolutions" are not used to connote the same thing but distinct and different things. This clearly appears in the first paragraph of section 34 which says that the enacting clause shall be, as to acts [bills], "Be it enacted by the Legislature of Porto Rico," and as to joint resolutions, "Be it resolved by the Legislature of Porto Rico; and in the following sentence where it says: "Bills and joint resolutions may originate in either house." 48 U.S.C.A. §§ 822, 823. The term "joint resolution" is used nowhere else in the section but once, and that is in the paragraph, 48 U.S.C.A. § 831, providing that the presiding officer of each house shall "sign all bills and joint resolutions passed by the legislature, after their title shall have been publicly read, immediately before signing"; clearly showing, as before stated, that the terms are employed in this section of the act as connoting two separate and distinct things.

Nowhere in section 34 is it stated that a joint resolution may become a law or the circumstances under which it may become one. But the section is replete with statements as to when a bill may and may not become a law. Early in the first paragraph it is provided that: "No bill shall become a law until it be passed in each house by a *majority yea-and-nay vote* of all the members belonging to such house and entered

*upon the journal* and be approved by the governor within ten days thereafter." 48 U.S.C.A. § 825. There is no provision that a joint resolution shall be passed by a majority yea-and-nay vote of all the members of each house and entered upon the journal. One provision relating to this matter is "that they be passed by the legislature"—probably by a majority vote, but there is no express provision even as to that. The provision in the last paragraph of section 34, 48 U.S.C.A. § 839, where it is stated that every resolution "to which the concurrence of both houses may be necessary" on being disapproved by the governor "shall be repassed by two-thirds of both houses, according to the rules and limitations prescribed *in case of a bill*," undoubtedly means that, on reconsideration, it shall be repassed by a two-thirds yea-and-nay vote. But that does not provide that a joint resolution, on its original passage, shall be by a majority yea-and-nay vote of the members of each house; and there is no such requirement in section 34. It is, however, certain that, if this paragraph of section 34 relates to a joint resolution, as it probably does, it at the same time recognizes that a bill and joint resolution are distinct and different things.

This section further provides, 48 U.S.C.A. § 825, in the case of a bill but not of a joint resolution, that "no bill shall be *considered* or *become a law* unless referred to a committee, returned therefrom, and printed for the use of the members," except that either house may, by a majority vote, discharge the committee and consider the measure in a committee of the whole. And it further provides in case of a bill, but not in case of a joint resolution, that "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title." 48 U.S.C.A. § 832.

These provisions lead to but one conclusion, and that is that bills and joint resolutions are distinct and different things, one having certain prescribed characteristics essential to their passage and approval, and the other, while possessing some of those characteristics and essentials for passage and approval, does not possess them all.

It is further contended by the appellant that, inasmuch as section 34, in its first sentence, 48 U.S.C.A. § 823, provides that "the enacting clause of the law shall be as to acts [bills] 'Be it enacted by the Legislature of Porto Rico' and as to joint resolutions 'Be it resolved by the Legislature of Porto Rico.'" Congress intended that a law might be passed and adopted by a joint resolution as well as a bill, and that the clause, section 34, 48 U.S.C.A. § 824, specifically stating that "No law shall be passed except by bill," must be construed as permitting a law to be passed by a joint resolution as well as by a bill.

The words "the enacting clause of the law" in the first sentence of section 34 were evidently taken from the earlier Organic Act of April, 1900, c. 191, 31 Stat. 77, known as the Foraker Act. That Organic Act looked to the enactment of laws by bill only and contained the phrase: "The enacting clause of the laws shall be, 'Be it enacted by the legislative assembly of Porto Rico.'" Section 29. It made no reference to a joint resolution; neither did it contain the provision that "No law shall be passed except by bill." There was no occasion for such a clause as the act contemplated the enactment of laws by bill and made no other provision for their enactment. But in section 34 of the Organic Act of 1917, which permits the use of a joint resolution as well as a bill, there is inserted the definite provision that "No law shall be passed except by bill," all of which tends to show that the words "of the law" in the first sentence of section 34, if not meaningless, were not intended to be controlling and make the definite provision that "No law shall be passed except by bill" mean anything different from what it says. If the words "of the law" had been omitted from the first sentence of section 34 not the slightest doubt could arise as to the intention of Congress. They were unnecessary to a clear expression of its intention in the Foraker Act, where a bill alone was provided for, and were unnecessary and misleading in section 34, where both bills and joint resolutions were recognized. They should not and reasonably cannot be construed to control the definite provision that "No law shall be passed except by bill," for to do so would not only defeat the intention of Congress as disclosed in that provision but in other provisions of the section.

Then again, the phrase "the law," in the first sentence, was probably used indiscriminately to cover the private as well as the public laws of the Legislature, while the term "law" in the provision that "No law shall be passed except by bill" was intended to mean a public law, one having that "permanent, uniform and universal" quality of a rule of law. 1 Blackstone, 44.

Whether the Congress of the United States, under the provisions of article 1, section 7, of the Constitution, as construed by its rules, may or may not pass a law by joint resolution as well as by bill, furnishes no aid in ascertaining the intention of the Congress as expressed in the provisions of section 34 of the Organic Act of 1917.

It is further contended by the appellant that to construe section 34 to mean that no law shall be passed except by bill will render invalid a great body of laws enacted by the Legislature of Puerto Rico. Our attention is called to the period from 1900 to 1917, when the so-called Foraker Act was in force, and that laws were then enacted both by bill and by resolution; and that, since the enactment of section 34 in 1917, many laws have been similarly enacted. If the joint resolutions covered laws of a permanent and universal nature and not of a temporary character applying to some particular person or thing, they undoubtedly would be of value in ascertaining what the Legislature of Puerto Rico may have thought the phrase "the law" meant in the clause in question in section 34; but here we are seeking the intention of Congress in the enactment of section 34, not that of the Legislature of Puerto Rico. The fact seems to be that the Legislature of Puerto Rico, if it undertook to enact a law by joint resolution, under the Organic Act of 1900, which in no way recognized or provided for a joint resolution, did so without regard to the provisions of that act, and after the enactment of the Organic Act of 1917, did so without regard to its provisions, for section 34, 48 U.S.C.A. § 824 in terms states that "No law shall be passed except by bill."

The judgment of the Supreme Court of Puerto Rico is affirmed, with costs to the appellee.